IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 05-CR-30145-WDS |
| ) | |
| DANIEL KLEIN, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

**STIEHL, District Judge:**

Before the Court is the government's motion in limine which seeks to prevent the defendant from asserting or raising arguments that suggest jury nullification. To date, the defendant has not filed a response to the government's motion.

The government indicates that it anticipates presenting evidence that the defendant possessed the firearm in question for a short period of time, and will be requesting a jury instruction in accordance with *United States v. Hendricks*, 319 F.3d 993 (7th Cir. 2003). In *Hendricks* the court held that "even a very brief possession of a firearm is sufficient to convict under § 922(g)(1)." *Id.* at 1005. In that case the Seventh Circuit approved a possession instruction that included the language: "Possession exists when an individual holds an object, in this case a firearm, even if the handling is only momentary, as long as the individual does so knowingly and intends to handle the object." *Id.* at 1004-05. The Court **FINDS** that if the evidence in the case supports this instruction, the Court will be inclined to give such an instruction, in accordance with *Hendricks*.

In light of this, the Court will not permit the defendant to raise arguments that would amount to jury nullification on the issue of possession. The Seventh Circuit has held that jury

nullification is "not to be positively sanctioned by instructions," but is to be viewed as an "aberration under our system." *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983); *see also United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988); *United States v. Brown*, 548 F.2d 204, 210 (7th Cir. 1977). Accordingly, the Court **GRANTS** the government's motion in limine and the defendant will not be permitted to encourage the jury to ignore the controlling Seventh Circuit law on the issue of possession.

**IT IS SO ORDERED.**

**DATED: June 8, 2006.**

                                            **s/ WILLIAM D. STIEHL**
                                                **DISTRICT JUDGE**